**Dorothy McGARTY, as Administratrix of the Goods, Chattels, and Credits of Kevin McGarty, Deceased, Plaintiff,**

v.

**TOWN OF CARMEL, Police Officers Brian Karst, Mark Grasser, Paul O'Connor, Robert Sweeney, Individually and as Police Officers of the Town of Carmel, and Chief of Police Gregory Amato, Individually, Defendants.**

No. 96 CIV. 7709(BDP).

United States District Court, S.D. New York.

March 10, 1998.

---

**436**

Raymond J. Keegan, Keegan, Keegan & Associates, P.C., White Plains, NY, for Dorothy McGarthy.

Rocco G. Avallone, Lysaght, Lysaght & Kramer, P.C., Lake Success, NY, for Town of Carmel.

Joseph M. Librie, Hempstead, NY, for Brian Karst.

Joseph P. Baumgartner, Holbrook, NY, for Mark Grasser, Robert Sweeney and Gregory Amato.

Christopher A. Marothy, Fischbein, Badillo, Wagner, Itzler, New York City, for Paul O'Connor.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

Plaintiff Dorothy McGarty filed this lawsuit seeking redress of alleged deprivations of the constitutional rights of her son, Kevin McGarty, who died three months after he was shot by the Town of Carmel police when they arrived at his home to investigate an assault that he allegedly committed on his mother.

Plaintiff now seeks leave to serve and file a First Amended Complaint, adding claims for: 1) conspiracy under 42 U.S.C. § 1983 against the four named officers who allegedly covered up the use of excessive force; and 2) negligent failure by the Town of Carmel to train its officers in identification and handling of an emotionally disturbed person ("EDP"). Plaintiff also seeks to delete certain allegations in her complaint, including allegations of lack of consent to enter the McGarty residence, allegations that the three non-shooting officers had their guns drawn upon entering the McGarty's residence, and the intentional tort claims against the three non-shooting officers. The proposed deletions are unopposed. Plaintiff also seeks disclosure of the state grand jury minutes of the testifying officers and portions of the special prosecutor's file. Plaintiff's motion to amend is granted. Plaintiff's motion for disclosure of the grand jury minutes and portions of the special prosecutor's file is denied.

## DISCUSSION

### I. LEAVE TO AMEND THE COMPLAINT

Rule 15 of the Federal Rules of Civil Procedure provides that "leave [to amend a complaint] shall be freely given when justice

so requires." Fed.R.Civ.P. 15. Leave to amend should not be granted, however, when amendment would be futile. *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir.1997) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Defendants here argue that plaintiff's amendment should be denied largely on futility grounds.

### A. *42 U.S.C. § 1983 Conspiracy Claim*

■ Citing forensic evidence and testimony obtained through discovery, plaintiff alleges that after Kevin McGarty was shot, the four individually named police officers conspired to cover up evidence that they used excessive force in shooting McGarty, and interfered with plaintiff's ability to develop the circumstances surrounding McGarty's shooting during pre-trial discovery. While defendants contend that plaintiff has not made a showing of deprivation of constitutional rights adequate to state a conspiracy claim under § 1983, I find that, for purposes of a motion to amend, plaintiff has made an adequate showing of deprivation of access to courts, and plaintiff's assertions are sufficient to state a § 1983 conspiracy claim.

Defendants argue that the fact that plaintiff was able to bring this suit shows that any alleged conspiracy to conceal relevant facts was unsuccessful and therefore not actionable. However, the fact that plaintiff was able to bring this action does not automatically bar her conspiracy claim. *See, e.g., Gonsalves v. City of New Bedford,* 939 F.Supp. 921, 927 (D.Mass.1996) ("if the mere filing of a suit was sufficient in every case to extinguish a § 1983 claim for cover-up, the concept would be a nullity because the issue of cover-up is only presented to a court once a case is filed").

Recently, in *Gloster v. Wong,* 1997 WL 151766 at *4 (N.D.N.Y. March 28, 1997), the court allowed a prisoner to maintain a claim for denial of constitutional right of access to the courts when defendant prison employees and officials subjected him to regular harassment in attempts to prevent or dissuade him from prosecuting a previously filed civil rights action. Although there, as here, defendants contended that plaintiff did not suf-

fer any actual injury from the prison officials' actions and no violation of plaintiff's right of access to the courts therefore occurred, the court allowed plaintiff's claim, stating: "It is enough that the threat [or action] was intended to impose a limitation upon the prisoner's right of access to the court and was reasonably calculated to have that effect." *Id.* (quoting *Hudspeth v. Figgins,* 584 F.2d 1345, 1348 (4th Cir.1978)).

The *Gloster* court's language is equally applicable to this case, where, if the plaintiff's allegations are true, the officers' attempts to cover up the circumstances of Kevin McGarty's shooting could have been intended to frustrate or impede litigation that McGarty's representatives had a constitutional right to pursue. Further, like the plaintiff here, the *Gloster* plaintiff had already filed suit yet was allowed to maintain his claim for deprivation of access to the courts. Thus, it is not necessary for the plaintiff to show the effectiveness of the conspiracy in concealing constitutional violations before she can assert a claim for it.

Case law in our Court of Appeals is not to the contrary. In *Barrett v. United States,* 689 F.2d 324, 332 (2d Cir.1982), the sole case in this circuit cited by defendants, the court allowed a suit for deprivation of due process where a cover-up may have led to a smaller state court recovery than the plaintiffs were otherwise entitled to. The court did not, however, address the somewhat circular question presented by defendants here—whether a claim for conspiracy can be maintained when the underlying lawsuit asserts as yet unresolved conspiracy claims. Plaintiff's motion to add a claim for § 1983 conspiracy against the individual officers is granted.

### B. *Negligent Failure to Train*

■ Plaintiff also seeks to amend the complaint to add a claim of negligent failure to train against the Town, contending that the Town of Carmel knew or should have known that Kevin McGarty was an EDP, but that the Town failed to train and/or inadequately trained the officers to identify and handle arrestees who are or appear to be EDPs. Defendants' collective opposition to this mo-

**438**

tion does not show that plaintiff's amendment would be futile; rather, it shows only that there are questions of fact as to whether the officers knew or should have known that Kevin McGarty was an EDP on the night that the police went to his house. Plaintiff's motion to add a claim for negligent failure to train on the part of the Town is granted.

## II. DISCLOSURE OF GRAND JURY MINUTES

A party seeking disclosure of grand jury minutes must show: 1) that the requested materials are necessary to avoid possible injustice in another judicial proceeding; 2) that the need for disclosure outweighs the continuing need for secrecy; and 3) that the request is narrow, showing a particularized need. *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979). Plaintiff here fails to make the requisite showing for disclosure, apparently seeking the grand jury minutes in order to confirm or deny the testifying officers' versions of the events and to gather material for cross-examination. In light of plaintiff's current failure to make a particularized showing, I need not reach the issue of whether plaintiff should first renew a motion for disclosure before the state court alleging her new conspiracy theory, or whether this Court is barred from compelling disclosure of the grand jury minutes by the prior state court decision denying disclosure. Plaintiff's motion for disclosure of the grand jury testimony and portions of the special prosecutor's file is denied.

**SO ORDERED.**